UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW KEITH ALWARD,

      Plaintiff,           Civil Action No. 2:25-CV-10222
v.                               HONORABLE JONATHAN J.C. GREY
                                    UNITED STATES DISTRICT JUDGE

JORDAN RIECK, et. al.,

      Defendants,
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING THE CIVIL RIGHTS COMPLAINT**

**I. INTRODUCTION**

Before the Court is Plaintiff Matthew Keith Alward's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Alward is a federal prisoner incarcerated at the Federal Correctional Institution in Cumberland, Maryland. The Court has reviewed the complaint and now **DISMISSES IT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**II. STANDARD OF REVIEW**

Alward has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th

Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. COMPLAINT

Alward claims that the first four defendants, all Madison Heights police officers, used false or perjured information to obtain a search warrant which led to his prosecution in the United States District Court for the Western District of Michigan. Alward further alleges that the chief of police bribed a witness to corroborate allegations made by two detectives in the search warrant affidavit. Alward does not identify which of the four defendants is the chief of police or which of the defendants are the detectives. Alward also names the City of Madison

3

Heights as a fifth defendant. Alward, by his own admission, was convicted and sentenced to 120 months in prison.

This Court has obtained additional information concerning Alward's criminal conviction from the website for the United States District Court, Western District of Michigan.[1] Alward was charged in an indictment with: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846; and (2) possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). *See United States v. Alward*, No. 1:19-cr-261 (W.D. Mich.) (ECF No. 1). On August 25, 2020, Alward pleaded guilty to count 1 of the indictment. *Id.* (ECF Nos. 46 and 47). On December 3, 2020, Alward was sentenced to 120 months' incarceration, to be followed by 5 years of supervised release. See Judgment, *Id.* (ECF No. 59).

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). This Court is permitted to take judicial notice of companion criminal cases in a litigant's case. *See e.g. United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

On June 10, 2024, about three and a half years following his sentencing, Alward filed a *pro se* notice of appeal from the judgment of conviction and sentence. *Id.* (ECF No. 94). While Alward's appeal was still pending in the Sixth Circuit, he filed a § 2255 motion to vacate sentence. See *Alward v. United States*, No. 1:24-cv-663 (W.D. Mich.) (ECF No. 1). On September 6, 2024, the court dismissed the § 2255 motion without prejudice as premature because Alward's appeal was still pending. *Id.* (ECF Nos. 13, 14). On September 24, 2024, the United States Court of Appeals for the Sixth Circuit dismissed Alward's appeal as untimely. See *United States v. Alward,* No. 24-1545 (6th Cir. Sept. 24, 2024) (ECF No. 15-1).

Alward then filed a second § 2255 motion to vacate sentence. *See Alward v. United States*, No. 1:24-cv-1161 (W.D. Mich.). The court dismissed the motion for being barred by the one-year statute of limitations for filing motions to vacate sentence. *Id.* (ECF Nos. 36, 37). The court subsequently denied Alward's motion for reconsideration. *Id.* (ECF No. 50).

Alward now seeks monetary damages from the defendants based on their alleged acts of using false and perjured information to obtain a

5

search warrant which led to Alward's conviction in the Western District. Alward also asks this Court to order that the defendants be prosecuted for perjury and bribery.

## IV. DISCUSSION

Alward's complaint is subject to dismissal for several reasons. First, Alward is unable to obtain monetary damages arising from his criminal conviction, absent a showing that his criminal conviction had been reversed or overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or otherwise vacated by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). The holding in *Heck* applies equally to a civil rights complaint that would invalidate a federal conviction that has not been declared invalid or otherwise set aside. *See Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). Alward does not allege that his conviction was overturned, expunged, or called into question by a writ of habeas corpus; thus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to

6

state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Alward's lawsuit against the City of Madison Heights and the individual police officers for the alleged illegal search warrant which led to his conviction is also subject to dismissal because his lawsuit would not be cognizable under § 1983 unless and until his conviction was overturned or invalidated. *See Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995); *see also Robinson v. Jones,* 142 F.3d 905, 906–907 (6th Cir. 1998) (*Heck* barred lawsuit by federal prisoner based on alleged Fourth Amendment violations by assistant United States attorney who successfully prosecuted prisoner, where the federal conviction had not been set aside). Although *Heck* does not completely bar Fourth Amendment claims, to recover compensatory damages based on allegedly unreasonable search, a § 1983 plaintiff must prove not only that search or seizure was unlawful, but that it caused him or her actual, compensable injury, which does not encompass the injury of being convicted and imprisoned, until his conviction has been overturned. *Heck,* 512 U.S. at 487, n. 7.

Alward does not allege any injury to him from the alleged illegal search and seizure beyond being convicted and incarcerated; therefore, he cannot maintain a § 1983 action against the defendants. Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the search was unreasonable would "necessarily imply the invalidity of the conviction" and would therefore be barred under *Heck*. *Fox v. Michigan State Police Dep't.*, 173 F. App'x 372, 377–378 (6th Cir. 2006); *see also Poindexter v. Overton,* 110 F. App'x 646, 647 (6th Cir. 2004) (prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant had failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge,* 96 F. App'x 322 (6th Cir. 2004) (same).

Second, to the extent that Alward seeks to have his criminal conviction set aside in this civil rights action, the civil rights complaint is subject to dismissal. Alward's remedies for challenging his federal criminal conviction and sentence are by filing a direct appeal and/or

8

seeking post-conviction relief as provided by 28 U.S.C. § 2255, both of which he has done. *See Akers v. Martin*, 227 F. App'x 721, 723 (10th Cir. 2007); *Agunbiade v. U.S. Drug Enf't Admin.*, No. CIV.A. 94-CV-75048-D, 1995 WL 871138, at *1 (E.D. Mich. Feb. 22, 1995).

Lastly, this Court has no power to order the criminal prosecution of the defendants. A private citizen does not have a constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime, nor can a private citizen bring a civil action in federal court to initiate a criminal prosecution. *Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002); *White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002). Alward is not entitled to relief on this claim.

The Court dismisses the case. Because the Court dismisses Alward's claims pursuant to *Heck*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015). Further, because Alward's complaint lacks any arguable basis in the law, this Court certifies that any appeal by Alward would be frivolous

and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## V.     CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the civil rights complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the court that any appeal taken by Alward would not be done in good faith.

**SO ORDERED**.

<u>s/Jonathan J.C. Grey</u>
HON. JONATHAN J.C. GREY
UNITED STATES DISTRICT JUDGE

Dated: July 18, 2025

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager